UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TYRELL BERRINGTON JACKSON,** | : | Civil Action No. 05-1969 (RMU) |
| Petitioner | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| **DENNIS HARRISON, Warden** | : | |
| Respondent | : | |

**U.S. PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its opposition to the petitioner's petition for a writ of habeas corpus. The petitioner, who has had his parole revoked by the U.S. Parole Commission, has filed a petition for writ of habeas corpus in which he claims that the U.S. Parole Commission lacks the authority to order the forfeiture of the time he spent on parole, known as street time, and that such forfeiture violates the Ex Post Facto and Due Process clauses of the Constitution. Because the United States Court of Appeals for the District of Columbia Circuit and the District of Columbia Court of Appeals have decided the issues concerning the forfeiture of street time raised by the petitioner squarely in favor of the position of the U.S. Parole Commission, the petitioner's challenge to his sentence calculation should be summarily denied.[1]

---

[1] It should be noted that the petitioner has also filed a petition for a writ of habeas corpus in the Superior Court of the District of Columbia in Case No. SP 2293-05 with virtually identical arguments. SP 2293-05 is pending at this time.

## **PROCEDURAL HISTORY**

On August 25, 1988, the petitioner, Tyrell Jackson, was sentenced to 6 to 18 years imprisonment for the offense of first degree burglary in F740-88. See Exhibit A at p. 3 (Bureau of Prisons Sentence Monitoring Computation Data). The petitioner was released on parole on March 12, 1997 and was to remain under parole supervision until the expiration of his sentence on April 14, 2009. See Exhibit B (Certificate of Parole).[2]

On August 18, 1998, the D.C. Board of Parole issued a parole violator warrant for the petitioner, which was executed on August 28, 1998. See Exhibit C (Warrant). On October 26, 1998, the D.C. Board of Parole revoked the petitioner's parole and ordered re-consideration of parole by August 25, 1999. See Exhibit D (Notice of Board Order).

On November 15, 1999, following the reconsideration hearing, the U.S. Parole Commission granted the petitioner parole to be effective on August 10, 2002, after service of 48 months. See Exhibit E (Notice of Action).[3]

On August 12, 2002, the petitioner was released on parole and was to remain under parole supervision until the expiration of his sentence on April 14, 2009. See Exhibit F (Certificate of Parole). The Bureau of Prisons, which had re-computed the petitioner's sentence after he was

---

[2]The full term date of the sentence does not include 1140 days from July 29, 1992 until September 13, 1995 when the petitioner was in escape status. Days in escape status do not count towards the service of his sentence. See Exhibit A at p. 4.

[3]On August 5, 1998, the U.S. Parole Commission assumed the responsibility of making parole release determinations for eligible District of Columbia Code Offenders, wherever confined, through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a) ("Revitalization Act").

transferred to their custody from the D.C. Department of Corrections, failed to forfeit the time the petitioner had spent on parole, from March 12, 1997 until the D.C. Parole Board's warrant was executed on August 28, 1998, as required under D.C. Code 24-406(a).  See Exhibit A at p. 4. Thus, the sentence expiration date, April 14, 2009, on the certificate of parole, issued on August 12, 2002, had not changed from the petitioner's release on parole in 1997.

The petitioner again failed to comply with the conditions of parole supervision, and, on January 28, 2003, the U.S. Parole Commission issued a parole violator warrant for the petitioner that was executed on May 5, 2003. See Exhibit G (Warrant).  On May 30, 2003, the petitioner accepted an "expedited revocation proposal" in which he agreed to the U.S. Parole Commission revoking his parole, forfeiting the time he had spent on parole, and granting a re-parole date of June 5, 2004, after service of 13 months.  See Exhibit H (Notice to Alleged Parole, Special Parole, or Mandatory Release Violator Eligibility for Expedited Revocation Procedure); 28 C.F.R. § 2.66.[4]   See Exhibit H at p. 1.  By the petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing, and consented to the sanction proposed by the Commission. See Exhibit H at p. 2.  By a Notice of Action dated June 4, 2003, the U.S. Parole Commission, in accordance with the terms of the expedited revocation agreement, revoked the petitioner's parole and continued the petitioner to a presumptive parole date of June 5, 2004, after service of 13 months.  See Exhibit I (Notice of Action).

Based upon the U.S. Parole Commission's decision, as well as the forfeiture of the time the petitioner had spent on the previous term of parole from March 12, 1997 until the D.C. Parole

---

[4] Under the "expedited revocation procedure," the parolee agrees to the proposed sanctions and to the revocation of his parole, without a hearing, in return for a specified re-parole date from the U.S. Parole Commission.

Board's warrant was executed on August 28, 1998, the Bureau of Prisons recalculated the balance of the petitioner's sentence to reflect a revised full term date of June 6, 2011.  <u>See</u> Exhibit A at p. 2.  On June 4, 2004, the petitioner was released on parole and was to remain under parole supervision until the expiration of his sentence on June 6, 2011. <u>See</u> Exhibit J (Certificate of Parole).

On December 20, 2004, Supervision Officer Barlow advised the U.S. Parole Commission that the petitioner had violated the conditions of his parole and requested a parole violator warrant for the petitioner. <u>See</u> Exhibit K (Alleged Violation(s) Report). On March 17, 2005, the U.S. Parole Commission issued a parole violator  warrant for the petitioner.  <u>See</u> Exhibit L (Warrant).  The Commission charged the petitioner with violating the conditions of parole for the use of dangerous and habit forming drugs, failure to submit to drug testing, and failure to report to his supervision officer as directed.  <u>See</u> Exhibit M (Warrant Application).  On June 21, 2005, the parole violator warrant was executed. <u>See</u> Exhibit N (Warrant Executed). The U.S. Parole Commission's hearing examiner conducted a probable cause hearing on June 24, 2005 and found probable cause to believe that the petitioner had violated his conditions of parole.  <u>See</u> Exhibit O at p. 4 (D.C. Probable Cause Hearing Digest).

The U.S. Parole Commission presented the petitioner with another expedited revocation proposal on September 21, 2005. <u>See</u> Exhibit P (Letter of Proposal).  On September 28, 2005, the petitioner accepted the U.S. Parole Commission's "expedited revocation proposal" in which he agreed to the U.S. Parole Commission revoking his parole, forfeiting the time he spent on parole, and granting him a presumptive parole date of August 19, 2006, after the service of 14 months. <u>Id</u>. at p. 2.  By a Notice of Action dated October 31, 2005, the U.S. Parole Commission, in

accordance with the terms of the expedited revocation agreement, revoked the petitioner's parole and continued the petitioner to a presumptive parole date of August 19, 2006, after service of 14 months. See Exhibit Q (Notice of Action).

## ARGUMENT

In his instant petition, the petitioner challenges his sentence calculation.[5] The petitioner argues that, when his parole was previously revoked, the U.S. Parole Commission was barred from forfeiting the time he had spent on parole, i.e., his street time. The petitioner claims that the forfeiture of his street time by the U.S. Parole Commission has resulted in the full term date of his original sentence being impermissibly extended beyond the full term date he was given when he was originally released on parole. Therefore, the petitioner argues that he is being unlawfully detained beyond the expiration of his sentence.

The petitioner's argument has no merit. The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his

---

[5] The Court has subject matter and personal jurisdiction because the petitioner was confined at the District of Columbia Correctional Treatment Facility at the time he filed his petition and he challenges the lawfulness of his custody. However, he named the wrong respondent; the proper respondent is Warden Fred Figueroa of the Correctional Treatment Facility. See D.C. Code § 16-1901(a).

parole is revoked); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McQueen v. U.S. Parole Comm'n., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n., 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D. Va May 13, 2002) (same). Thus, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision upon the revocation of his parole, which resulted in a projected full term date of June 6, 2011.[6]

Despite the fact that the petitioner agreed to the parole revocations in 2003 and 2005 of his parole and agreed to the forfeiture of street time in both of those revocations, he argues that the forfeiture of his street time violates the Ex Post Facto and Due Process clauses of the Constitution. However, the District of Columbia Court of Appeals has ruled squarely that the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution. Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (en banc); see also Jones, supra, 2002 WL 31189792 at *1 (no Ex Post Facto violation when sentence was recalculated to exclude any credit previously given for street time); Wade v. Figueroa, 2005 WL 607974, at *2 (D.D.C. March 15, 2005) (same); Redrick v. Williamson, supra, 2005 WL 1155041 at *4 (forfeiture of "street time" for D.C. offenders does not violate Ex Post Facto or Due Process clauses); McRae v. D.C.Parole Board, supra, 2002 WL 32388337, at *2-3 (same).

Therefore, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision because of his prior revocations and properly extended the

---

[6]Subsequent to the U.S. Parole Commission latest decision, the Federal Bureau of Prisons will re-calculate the petitioner's full term sentence to take into account the forfeiture of the latest time spent on parole.

petitioner's full term date to June 6, 2011.[7]

Accordingly, the petitioner is not entitled to relief as a matter of law and his petition for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

---

[7]The petitioner further appears to claim that the U.S. Parole Commission improperly forfeited his institutional good time credits when his parole was revoked. The petitioner misunderstands the application of institutional good time credits. If parole is revoked, the prisoner serves the balance of the original sentence less any good time credit "which may be earned by him after his return to custody." See D.C. Code § 24-406(a) (emphasis added).

Moreover, there is an extensive body of case law that supports the forfeiture of the good time credits in this case. Indeed, in Jones v. Clemmer, 163 F.2d 852 (D.C. Cir. 1947), the Court of Appeals rejected the contention that a prisoner had achieved commutation of his sentence through good time credits earned before and during parole, stating that "any right to commutation" which the prisoner had previously earned (prior to revocation of his parole and resumption of his sentence) "was forfeited by his violation of parole." Id. at 853; see also Bates v. Rivers, 323 F.2d 311, 312 (D.C. Cir. 1963) (citing Jones). Likewise, the Fourth Circuit Court of Appeals, relying on District of Columbia law, has held that a prisoner's release based on good time credits, "as in the case of parole, is conditioned on good behavior," and may be "forfeited for breach of condition." Hall v. Welch, 185 F.2d 525, 526 (4th Cir. 1950) (citing Bragg v. Huff,118 F.2d 1006 (4th Cir. 1941)). Moreover, in U.S. Parole Commission v. Noble, 693 A.2d 1084 (D.C. 1997), the D.C. Court of Appeals explicitly noted that the City Council had originally included a provision in the Good Times Credit Act which stated that a revoked parolee would not forfeit any good time credits earned prior to his revocation, but deleted this provision from the final version of the bill, so that re-incarcerated parolees could earn good time credits solely on the basis of the balance of the sentence after revocation of parole. Id. at 1091-92 & n.12; see also Teachey v. Carver, 736 A.2d 998, 1006 n.12 (D.C. 1999) (noting that where defendant had violated parole, he had "no valid claim for restoration of good time credits"). Thus, the petitioner's institutional good time credits previously earned were properly forfeited upon the petitioner's prior parole revocations.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been electronically filed with the Court and served by mail upon the petitioner, Tyrell Berrington Jackson, DCDC No. 198-397, Correctional Treatment Facility, 1901 E. Street, S.E., Washington, D.C. 20003, and upon Michael Miller, Assistant Attorney General, Civil Litigation Division, Section 2, Office of the Attorney General, 441 4th Street, N.W., Suite 6-South, Washington, D.C. 20001, this 3rd day of November, 2005.

_____
Sherri L. Berthrong
Assistant United States Attorney