**EXHIBIT H**

### NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,
### OR MANDATORY RELEASE VIOLATOR
### ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE

Name: Jackson, Tyrell        Reg. No: 19939-101        DCDC No. 198-397

1.      This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your Parole.

2.      The specific charges upon which these findings are based:

   Charge No. 1 - Use of Dangerous and Habit Forming Drugs

   Charge No. 2 - Failure to Submit to Drug Testing

   Charge No. 3 - Failure to Report to Community Supervision Officer as Directed

   Charge No. 4 - Failure to Report Change in Residence

3.      Based on the finding of probable cause and information available to the Commission at this time, if your parole is revoked after a hearing, your reparole guidelines will be as follows:

   Your parole violation behavior has been rated as Category One severity because it involved administrative violations of supervision. Your salient factor score is 2 (see attached sheet). You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of 6/5/2003. Guidelines established by the Commission indicate a range of 12-16 months to be served for cases with good institutional adjustment and program achievement.

   Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.      Your violation behavior makes you eligible to apply for the following expedited procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

   • Revoke Parole; None of the time spent on Parole shall be credited.
   • Reparole after the service of 13 months (6/5/2004).
   • In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

   After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.


EXHIBIT

5.    For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within 14 days of the date noted on the cover letter. If the completed form is not received within 14 days, the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.    You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form (with respect to revocation of parole, forfeiture of street time, and reparole.) I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of a revocation of parole.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_Tyrell B Jackson_          _5-30-03_
Signature                   Date

_Witness_                   _5-30-03_
Witness                     Date

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

_____            _____
Signature                   Date

_____            _____
Witness                     Date

I wish to request a 14-day extension to consider this proposal.