RECEIVED
JUL 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYRELL BERRINGTON JACKSON, :
    Petitioner :
:
v. :
:
DENNIS HARRISON, Warden  :   Civil Action NO. 05-1969(RMU)
    Respondent. :
..........................:

## **A F F I D A V I T**

Affiant deposes and says that the statements made herein are true and made under the penalty of perjury.

1. Affiant avers that on October 26, 1998, the D.C. Board of Parole revoked his parole and ordered a "reconsideration hearing to be held on August 25, 1999," never informing affiant at the revocation hearing that any of his **"street time"** would be forfeited or did the D.C. Board of Parole forfeit any of affiant's **"street time."**

2. Affiant avers that on November 15, 1999, following affiant's "reconsideration hearing," the U.S. Parole Commission grant affiant parole effective August 10, 2002, never informing affiant during the course of the "reconsideration hearing" that any of affiant's **"street time" had been or would be forfeited."**

3. Affiant avers that none of his conditions of parole prior to

October 1998 or prior to affiant being released on parole August 12, 2002, ever stated that if affiant violated his parole, that any or all of his "**street time**" would be forfeited.

4. Affiant avers that while he was on parole prior to October 1998, or prior to his release date of August 12, 2002, did he ever receive a copy of the "**Notice To All Inmates**" issued by the D.C. Dept. of Corrections stating that based on the decision of **Noble v. U.S. Parole Commission**, that the Bureau of Prisons and the D.C. Dept. of Corrections were obligated to correct his sentence computations by withdrawing credit for all time spent on parole, from either his parole officer, the D.C. Dept. of Corrections, the D.C. Board of Parole, the U.S. Parole Commission or the Federal Bureau of Prisons that his sentence computation would be changed or had been changed.

5. Affiant avers that pursuant to **Noble v. U.S. Parole Comm'n, 32 F.Supp.2d 11, at 14**, the court stated that the parties had agreed that from April 11, 1987 until April 23, 1998, if a parolee such as affiant was under the supervision of the D.C. Board of Parole, none of said parolee's "**street time**" would be forfeited.

6. Affiant avers that the D.C. Dept. of Corrections, the U.S. Parole Commission and the Federal Bureau of Prisons have violated substantial "Due Process Rights of affiant by their arbitrary and capricious actions which was prejudicial to affiant where they have rescinded and computed affiant's sentence without following

-2-

the proper procedures pursuant to the D.C. Administrative Procedure Act.

7. Affiant avers that he was always under the supervision of the D.C. Board of Parole from April 11, 1987 until April 23, 1998, and because the D.C. Board of Parole consistently followed D.C. Code § 24-431, and D.C. Municipal Regulation, Title 28 § 601.7, and was awarding D.C. parolees with credit for their **"Street time"** therefore, affiant had a legitimate expectation of receiving all of his **"street time"** from April 11, 1987 until April 23, 1998.

8. Affiant avers that he is entitled to all of his **"street time"** from April 11, 1987 until April 23, 1998.

9. Affiant avers that the Respondent, the D.C. Dept. of Corrections, and the Federal Bureau of Prisons violated the **"Accardi Doctrine"** by their failure to follow the procedures and regulations of the D.C. Administrative Procedure Act, Etc..

10. Affiant avers that the D.C. Dept. of Corrections violated the **"Accardi Doctrine"** by its failure to exercise its own discretion, contrary to the valid regulations contained in D.C. Code § 24-431, and D.C. Municipal Regulation, Title 28 § 601.7, by rescinding the grant of **"street time"** to affiant and not publishing that such regulation had been waived, suspended or abolished.

11. Affiant avers that it is well established by the **"Accardi Doctrine"** that rules and regulations promulgated by an administra-

-3-

tive agency cannot be waived, suspended or disregarded in a particular case as long as such rules and regulations remain in force.

12. Affiant avers that neither D.C. Code 24-431(now 24-221 et. seg.) nor Municipal Regulation Title 28 § 601.7 have been abolished, suspended or waived, and remain in full force, therefore, the Due Process Clauses required the D.C. DEpt. of Corrections to follow their own rules, even those promulgated gratuitiously.

13. Affiant avers that once D.C. Code § 24-431 was placed in the D.C. Register and enacted into law, and **codified** in Municipal Regulation, Title 28 § 601.7, these laws were the rule-of-law in the District of Columbia, to be followed by District of Columbia agencies.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the statements made herein are true and correct.

County/City of Hertford
Commonwealth/State of North Carolina
The foregoing instrument was acknowledged before me this 6th day of July, 2006, by Tyrell Jackson
(name of person seeking acknowledgment)
[signature]
Notary Public
My commission expires July 12, 2010

Tyrell Berrington Jackson
Tyrell Berrington Jackson

-4-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TYRELL BERRINGTON JACKSON,

    Petitioner

v.

DENNIS HARRISON, Warden     Civil Action No. 05-1969(RMU)

    Respondent.

### MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT IN SUPPORT

Comes now the petitioner, Tyrell Berrington Jackson, pro se, and moves this honorable court to grant him "Summary Judgment" pursuant to Rule 56(c) of the Federal Rules of Civil Procedures, and grounds makes the following declarations in his "Affidavit In Support."

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Motion For Summary Judgment and Affidavit In Support" has been mailed to Sherri L. Berthrong, Assistant U.S. Attorney, Special Proceedings Section, 555 4th Street, N.W., Room 10-450, Washington, D.C. 20530 this 6 day of July 2006.

                                        Tyrell Berrington Jackson