UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TYRELL BERRINGTON JACKSON,** | : | |
| Petitioner, | : | Civil Action No. 05-1969 (RMU) |
| v. | : | Document Nos.:  1, 14, 17 |
| **DENNIS HARRISON,** | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### Denying the Petitioner's Application for a Writ of *Habeas* Corpus; Denying the Petitioner's Motion for Judgment on the Pleadings; Denying the Petitioner's Motion for Summary Judgment

### I. INTRODUCTION

Before the court is the *pro se* petitioner's application for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2241. The petitioner challenges the forfeiture of credit for time spent on parole ("street-time credit") upon the revocation of his parole and the alleged denial of institutional credit. Because the government's calculation of the petitioner's sentence follows District of Columbia law, the court denies the petitioner's application for a writ of *habeas corpus*.[1]

### II. BACKGROUND

On August 25, 1988, the Superior Court of the District of Columbia sentenced the petitioner to six to 18 years' imprisonment for first-degree burglary. On March 12, 1997, the

---

[1] The court also denies the petitioner's pending dispositive motions because they provide no basis for granting the relief sought. As explained below, the motions are treated instead as the petitioner's response to the government's opposition to the petition.

then-District of Columbia Board of Parole released the petitioner to parole supervision under which he was to remain until April 14, 2009.  Gov't. Opp'n at 2.  The Board revoked the petitioner's parole on October 26, 1998, and scheduled him for parole reconsideration on August 25, 1999.  *Id*.  On August 12, 2002, the petitioner was again released to parole supervision until the expiration of his sentence on April 14, 2009.  *Id*.  On June 4, 2003, following expedited revocation proceedings pursuant to 28 C.F.R. § 2.66, the United States Parole Commission, having assumed parole responsibility of District of Columbia felons, revoked the petitioner's parole and scheduled a reparole date of June 5, 2004.[2]  *Id*. at 3.  The Commission released the petitioner to parole supervision on June 4, 2004, until the expiration of his sentence on June 6, 2011.  *Id*. at 4.  On October 31, 2005, following expedited revocation proceedings, the Commission again revoked the petitioner's parole and scheduled a reparole date of August 19, 2006.

    The petitioner initiated this action on October 3, 2005, because he surmised from reviewing his institutional file that he had "not been credited with all of my street time nor institutional credits since 1988 toward reduction of my sentence. . . ."  Pet. at 5.  The government filed its opposition to the petition on November 3, 2005.  The court granted the petitioner additional time to respond by April 5, 2006, to the government's opposition to the petition.  The petitioner has since filed a motion for judgment on the pleadings, his affidavit, and a motion for summary judgment.  The court construes these filings together as the petitioner's response to the government's opposition to the petition.

---

[2]  Effective August 5, 1998, the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act") abolished the D.C. Board of Parole and transferred parole responsibility for District of Columbia prisoners to the United States Parole Commission.  *See*  D.C. Code § 24-131; *Franklin v. District of Columbia*, 163 F.3d 625, 632-33 (D.C. Cir. 1998).  The final transfer of authority occurred on August 5, 2000.

### III.  ANALYSIS

The writ of *habeas corpus* may extend to a District of Columbia prisoner when it is shown that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

#### A.  The Commission Properly Revoked Street-Time Credit

District of Columbia law requires the forfeiture of street-time credit earned by a parolee upon the revocation of his parole.  See D.C. Code § 24-406(a) ("If the order of parole shall be revoked . . . [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."); *United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *aff'd on reh'g*, 711 A.2d 85 (1998) (en banc) (interpreting § 24-206(a) [renumbered § 24-406(a)] on certification of question from the District of Columbia Circuit).  It is settled that District of Columbia prisoners have neither a constitutional nor a statutory right to retain street-time credit once their parole is revoked.  *See Jones v. Bureau of Prisons,* 2002 WL 31189792, *1 (D.C. Cir. 2002) (denying certificate of appealability) (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C. 2001)); *Noble*, 693 A.2d at 1085.

The petitioner asserts that the Commission violated his rights protected by the due process and *ex post facto* clauses of the Constitution because he had an "expectation" from Department of Corrections regulations that he would not lose street-time credit upon the revocation of parole. Pet. at 5.  While acknowledging that its *Noble* decision, which invalidated the application of D.C. Code § 24-431(a) (Good Time Credits Act) to such situations, "contradicted expectations in the District that were encouraged by authoritative pronouncements and that were reasonably held," the District of Columbia Court of Appeals nonetheless determined that the decision was not so unexpected or unforeseeable as to offend the Constitution.  *Davis*, 772 A.2d at 217 (applying

*Bouie v. City of Columbia*, 378 U.S. 347 (1964)).  The court pointed to the United States Parole Commission's ongoing practice of rescinding the street-time credit of District of Columbia prisoners in federal custody pursuant to D.C. Code § 24-206(a) and the Ninth Circuit's "endorse[ment]" of that practice as early as 1991.  *Id*. at 218-19 (referring to *Tyler v. United States*, 929 F.2d 451 (9th Cir. 1991)).  Since then, the courts of this circuit have consistently followed the local appellate court's conclusion that the retroactive application of *Noble* "to persons who committed their offenses before the issuance of [the] decision" violates neither the due process clause nor the *ex post facto* clause.  *Davis*, 772 A.2d at 214-15; *see* Gov't. Opp'n. at 5-6 (citing cases).  In any event, the petitioner in this case was reasonably on notice about the possibility of losing his street-time credit if revoked because he was first arrested for violating his parole on August 28, 1998, nearly 16 months after the District of Columbia Court of Appeals' had clarified the law.  *See Noble*, 693 A.2d 1084 (decided April 17, 1997).

### B. The Petitioner Has Not Shown the Deprivation of Institutional Credit

The petitioner also claims that the Commission has miscalculated his sentence by failing to apply the good time credits earned before his release to parole (institutional credit) to his current full-term date.  *See* Pet. at 5.  District of Columbia law provides that

> [i]f the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody.  *For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence*

D.C. Code § 24-406(a) (emphasis added).  Good time credits are applied to the minimum term of the sentence being served to reduce the time of eligibility for release to parole and to the maximum term to determine the mandatory parole release date.  D.C. Code § 24-221.01a(b).  Contrary to the petitioner's suggestion, good time credits do not carry over into a new sentence.

4

*See Teachey v. Carber*, 736 A.2d 998, 1006, n.12 (D.C. 1999) (individual "found to have violated [] parole . . . has no valid claim for restoration of good time credits"); 28 C.F.R. § 2.35(b) ("once . . . an offender is conditionally released . . . the good time earned during that period of imprisonment is of no further effect . . . [to shorten his supervision or remaining sentence]").

### IV.   CONCLUSION

For the reasons stated above, the court denies the petition for a *writ of habeas corpus*. An order consistent with this memorandum opinion is separately and contemporaneously issued this 14th day of November 2006.

RICARDO M. URBINA  
United States District Judge
